UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID HARANDI,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 8:17-cv-0785-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Hamid Harandi ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 7, 9] and briefs addressing disputed issues in the case [Dkt. 15 ("Pltf.'s Br."); Dkt. 16 ("Def.'s Br."); Dkt. 17 ("Pltf.'s Reply")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In February 2014, Plaintiff filed an application for DIB, alleging that he became disabled as of April 30, 2013. [Dkt. 14, Administrative Record ("AR") 197-

98.]  The Commissioner denied his initial claim for benefits [AR 92-96] and affirmed that denial on reconsideration [AR 99-103].  A hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on November 4, 2015.  [AR 15-32.]  Plaintiff requested review from the Appeals Council, but the Appeals Council denied his request for review [AR 1-6], and this appeal followed.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1).  At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  [AR 18 (citing C.F.R. § 404.1571 *et seq.*).]  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "cervical and lumbar degenerative disc disease (DDD), degenerative joint disease (DJD) of the right shoulder, and cartilage tear in the right wrist (20 CFR 404.1520(c))." [*Id.*] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 455 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).]  [AR 20.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [L]ight work as defined in 20 CFR 404.1567(b) except occasionally lift and/or carry 20 pounds and frequently lift and/or carry up [sic] ten pounds; stand and/or walk for a total of six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; frequently climb, balance, stoop, kneel, crawl, and crouch, but never able to use ropes, ladders or scaffolds; manipulative limitations with the right upper extremity, which is the dominant extremity; occasional overhead reaching and frequent handling and fingering.

[AR 21.]  Applying this RFC, the ALJ found that Plaintiff is capable of performing past relevant work as a purchaser (DOT 162.157-038) and assembly supervisor (DOT 739.137-101) and, thus, is not disabled.  [AR 31.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends that the ALJ: (1) erred in the assessment of his credibility and (2) erred in the assessment of weight accorded to the opinions of two treating physicians. [Pltf.'s Br. at 5, 1, 3.] Plaintiff also argues that the ALJ failed to properly consider Plaintiff's alleged amended onset date of April 30, 2014. [Pltf.'s Br. at 9.] The Court disagrees with each of Plaintiff's contentions and hereby affirms.[1]

#### A. The ALJ Properly Considered Record Evidence From Before April 30, 2014, Plaintiff's Amended Alleged Onset Date

The Court will consider Plaintiff's argument that he changed his alleged disability onset date at the hearing prior to dealing with Plaintiff's contention that the ALJ improperly discounted his credibility.[2] The reason for this analysis is that Plaintiff, through counsel at the hearing, attempted to amend his alleged onset date

---

[1] Because it is logical to do so, the Court addressed these arguments in a different order than presented by the parties.

[2] Plaintiff's argument was essentially a one paragraph "throw away" at the end of his brief without *any* citation to authority. Perhaps the fleeting and unsupported nature of the argument was the reason that the Commissioner's sole response was to state that Plaintiff's amended onset date "fail[s] to alter the analysis." [Def.'s Br. at 9.] Frankly, the Court found both parties' briefing on this issue to be unhelpful.

without any prior notice to the ALJ, specifically for the purpose of avoiding any conflict between his claim for disability and payments he had received for unemployment. [AR 41.] Neither counsel nor Plaintiff made any claim or argument that there was any change in – let alone significant worsening of – his medical condition between April 30, 2013 (the original onset date alleged in the prior proceedings) and April 30, 2014 (the date put forth at the hearing). *See* Social Security Ruling ("SSR") 83-20 ("[t]he medical evidence serves as the primary element in the onset determination."). In fact, counsel seemed to pick the date randomly in an attempt to avoid a finding that Plaintiff stopped work for reasons other than disability. But a claimant's disability onset date is determined primarily by the medical evidence, not as a random date selected to avoid bad evidence. Here, there is evidence that Plaintiff had stopped work in April 2013 because his hours were cut and he was laid off [AR 22, 322] and that he collected unemployment benefits after April 30, 2013 [AR 41], which a claimant can only receive by stating he or she is able to work.[3] It also bears noting that Plaintiff's new alleged onset date of April 30, 2014 was ***after he filed for disability*** in this case in February 2014, so he is essentially arguing now, to avoid consideration of earlier evidence, that he was not disabled when he averred he was disabled and applied for disability benefits.

While a plaintiff may properly amend his or her claimed onset date at any time during the proceedings,[4] Plaintiff did not cite any authority for the proposition

---

[3] Plaintiff was understandably trying to avoid the earlier onset date he had alleged throughout the prior proceedings. *See, e.g., Copeland v. Bowen,* 861 F.2d 536, 542 (9th Cir. 1988) (recognizing that receipt of unemployment benefits can impact a claimant's alleged inability to work full time)

[4] Claimants generally amend to an ***earlier*** provable date in order to ensure that any finding of disabling conditions is commensurate with a date on which they were insured. In this case, it did not matter whether the ALJ determined an actual date of disability because (1) there was no finding of disability at any time, and (2) there was no argument that Plaintiff's date last insured was prior to either alleged onset date.

that he may do so to preclude consideration of unfavorable admissions or inconsistent statements.[5] Plaintiff does not contend that his medical condition changed such that he became disabled at the later date and was *not* disabled at the earlier, 2013, date. Rather, he argues only that the ALJ should ignore his earlier records to avoid an adverse credibility finding. The Court does not find this argument persuasive.

Moreover, Plaintiff does not attempt to explain why a later alleged onset date, even if considered by the ALJ, would preclude the ALJ from considering evidence from before that time as it relates to Plaintiff's credibility. Inconsistencies between Plaintiff's testimony and the medical records presented by Plaintiff or arguments previously made by Plaintiff, no matter when they occurred, are indicative of Plaintiff's propensity for truthfulness.[6] The ALJ's failure to specifically address the earlier alleged onset date in his opinion was not error and provides no basis for remand.

---

[5] It would be inappropriate to preclude an ALJ from considering contemporaneous inconsistent statements simply because a claimant amended his onset date to after the statements were made. For example, consider the case where a claimant tells one doctor that he stopped work due to disability, but on the same date, admits to another physician that he was laid off. The inconsistent statements, both within the claimant's longitudinal medical records presented to the ALJ, are indicative of that claimant's truthfulness. Thus, amendment of a claimant's alleged onset date does not automatically and completely preclude an ALJ from considering evidence pre-dating the amended date.

[6] Ultimately, because the ALJ did not find medical evidence to support that Plaintiff was disabled at any time – whether on April 30, 2013 or April 20, 2014 – the ALJ was not required to determine a specific date of disability. *See Sam v. Astrue*, 550 F.3d 808, 810 (9the Cir. 2008) ("[b]ecause the ALJ found that Sam was not disabled *at any time* through the date of [the] decision, the question of *when* he became disabled did not arise and the procedures prescribed in SSR 83-20 did not apply") (internal citation omitted) (emphasis in original).

5

## B. The ALJ's Opinion Provides At Least One Clear and Convincing Reason for the Credibility Determination.

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "clear and convincing" reasons to reject the claimant's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." (internal quotation omitted)). Moreover, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991). In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent alleged. [AR 22.] As discussed below, the ALJ offered at least one legally sufficient reason to support this adverse credibility determination.

At the administrative hearing, Plaintiff testified that he suffers from significant pain that prevents him from working. As detailed above, however, Plaintiff stated that he left his last job as a purchaser "because business started getting slow, and my hours was cut." [AR 43 (Plaintiff's testimony); AR 21 (citing AR 322) ("During a Psychiatric Examination completed on August 26, 2014, the claimant stated that he was laid off from work, due to business being slow.")]. Plaintiff was referring to being laid off in 2013. Plaintiff then, in February 2014, filed a claim for disability alleging disability as of the time he stopped working – April 2013. [AR 197.] The ALJ was entitled to rely on the clear inconsistency between Plaintiff's claim that disabling pain keeps him from working and his testimony and comments to a physician that he stopped working due to a slowdown at his job to find Plaintiff less than credible. [AR 21-22 ("[T]he claimant stated that he was laid off from work, due to business being slow. This shows that the claimant stopped working due to a business-related layoff rather than because of the allegedly disabling pain.") (internal citations omitted).] The ALJ thus provided at least one clear and convincing reason to find Plaintiff's claims of disabling pain to be less than fully credible.

### A. The Weight Accorded To The Opinions Of Each Of Plaintiff's Treating Physicians Was Proper.

Plaintiff next contends that the ALJ erred in his evaluation of the treating physicians, Drs. Alan Lo and Reza Allamehzadeh. [Pltf.'s Br. at 2-5.]

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine, but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 404.1527; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and

7

analyze evidence. 20 C.F.R. § 404.1527(c); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

In conducting this analysis, the opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). To reject the uncontradicted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester*, 81 F.3d at 830. When a treating or examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (internal citation omitted).

Although ALJs "are not bound by any findings made by [non-examining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled" because such specialists are regarded as "highly qualified . . . experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i). "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. §§ 404.1527(e)(2)(ii); *see also* SSR 96-6p ("Findings...made by State agency medical and psychological consultants and other program physicians and psychologists

regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.").

### 1. The ALJ Provided Specific and Legitimate Reasons for Assigning Dr. Lo's Conclusion That Plaintiff Was "Disabled" Limited Weight.

The ALJ provided a thorough discussion of medical tests done and the opinions of several physicians, including two of Plaintiff's treating physicians and multiple Disability Determination Specialists. Relevant to the issues raised in this appeal, the ALJ gave "great weight" to one of the specialists, Dr. G. Spinka, M.D., who completed a Physical Residual Functional Capacity Assessment on April 15, 2014. Dr. Spinka opined that Plaintiff was "not disabled" and detailed his functional limitations, which were later included in Plaintiff's RFC. [AR 28 (citing AR 73).] The ALJ noted that Dr. Spinka's review of Plaintiff's records included discussion of the findings of Dr. Gerayli, Plaintiff's treating pain management doctor, who stated that Plaintiff was on Gabapentin for pain control, and that he had right lower L/S tenderness, but no spasms and full range of motion. Dr. Gerayli also noted that Plaintiff's gait was normal and there was no evidence of neruo defects. Based on his review of the complete medical record as of April 2014, Dr. Spinka "concurred with a light residual functional capacity" due to Plaintiff's cervical and lumbar issues. The ALJ found this conclusion persuasive "as it is well supported by explanation and by the medical evidence, and it reflects consideration of the entire medical record by a specialist who is familiar with the Social Security regulations." [AR 29.] Dr. Weeks, another Disability Determination Specialist, also reviewed the medical evidence of record and concurred with Dr. Spinka's conclusion that Plaintiff was not disabled. The ALJ credited this opinion for the same reason that he accorded Dr. Spinka's opinion great weight. [AR 30.]

Within a few weeks of Dr. Spinka's review, on May 13, 2014, Dr. Lo, one of

Plaintiff's treating physicians, completed a medical source statement for the purpose of evaluating a claim of disability. [AR 331-334; 375.] Dr. Lo noted that Plaintiff had been recommended for surgery, which Plaintiff was considering at the time, and that he (Dr. Lo) was inclined to agree that surgery might be the best course for Plaintiff's sciatica symptoms. [AR 332; 375.] Dr. Lo also noted that Plaintiff had a comorbidity for anxiety that was controlled on Xanax. [*Id.*] Dr. Lo further noted that he hoped his "brief summary" would be useful in evaluating Plaintiff, but that he was not sure he would see Plaintiff again given that he was not on Plaintiff's insurance any longer. [AR 375.] As the ALJ specifically pointed out, Dr. Lo also noted that there was still a possibility for improvement (given that Plaintiff was still evaluating surgery at that time), and did not make any finding that that Plaintiff was permanently disabled.[7] [*Id.*] The ALJ therefore properly assigned "little weight" to Dr. Lo's conclusion that Plaintiff was disabled, preferring the opinion of the Social Security Disability specialists who had reviewed Plaintiff's complete medical file and addressed Plaintiff's specific limitations.

### 2. The ALJ Provided Specific and Legitimate Reasons for Discounting Dr. Allamehzahdeh's Opinion.

Plaintiff also contends that the ALJ should have given greater or controlling weight to the opinion of Dr. Allamehzahdeh, a treating physician who specializes in internal medicine. Dr. Allamehzahdeh offered the extreme opinion that Plaintiff could not work *any* hours during a workday; could not lift *anything* on an occasional or frequent basis; and could *never* bend, stoop, manipulate his right hand, or raise his right hand over shoulder level. [AR 396.] And, in contrast to Plaintiff's

---

[7] Nor did Dr. Lo discuss any particular limitations in opining that he believed Plaintiff was completely (albeit perhaps temporarily) disabled. In other words, while he opined on the ultimate issue of disability – an issue reserved for the Commissioner – he did not provide any evidence or analysis that would assist the ALJ in determining whether Plaintiff had specific functional limitations.

own statements on his function report [AR 21, 234], Dr. Allamehzahdeh opined that it was difficult for Plaintiff to have normal activities.

The ALJ discounted Dr. Allamehzahdeh's opinion, in part, because he "did not have a longitudinal history with the claimant." [AR 30.] He thus had no apparent basis for his extreme conclusions, particularly since he also noted (as the ALJ pointed out) that Plaintiff was still considering surgical options, so there was, potentially, an "option for improvement."[8] [AR 31.] In sum, it was proper for the ALJ to give little weight to the extreme opinion of a physician, for the stated reason that he did not have significant history with the Plaintiff.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: August 30, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court is not saying that Plaintiff was required to have surgery before being declared disabled. But the conclusory opinions on which Plaintiff relies do not themselves find that Plaintiff's condition is permanent and stationary, with surgery as the only remaining option.

11